IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-73,408-04






EX PARTE WILLIAM MICHAEL MASON








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 620074 IN THE 228TH DISTRICT COURT

HARRIS COUNTY



 


 Per Curiam. 

 




O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 Applicant was convicted in March 1992 of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Mason v. State, 905 S.W.2d 570
(Tex. Crim. App. 1995), cert. denied, 516 U.S. 1051 (1996). 

 Applicant's initial habeas application was filed in the convicting court on August
18, 1997. His first subsequent application was filed pro se in the convicting court on
October 19, 1999. His second subsequent application was filed pro se on September 14,
2001. We denied relief on applicant's initial writ and dismissed his second subsequent
application. Ex parte Mason, Nos. WR- 73,408-01 & -03 (Tex. Crim. App., Apr. 14,
2010). We dismissed applicant's first subsequent application except for one allegation
that we held satisfied the requirements for consideration of a subsequent application
under Texas Code of Criminal Procedure Article 11.071, § 5. We remanded to the trial
court for consideration of the merits: the trial court erred in denying his properly
requested mitigation instruction at punishment and providing instead a nullification
instruction that did not allow the jury to consider and give effect to mitigating evidence
presented at trial. Ex parte Mason, No. WR-73,408-02 (Tex. Crim. App., Apr. 14,
2010). On September 28, 2012, the instant application was filed in the convicting court. 

 In his application, applicant raises the single claim which we remanded to the trial
court in his first subsequent writ application. Therefore, applicant's claim fails to meet
the dictates of Article 11.071, § 5. Accordingly, we dismiss his application. 

 IT IS SO ORDERED THIS THE 20TH DAY OF MARCH, 2013.


Do Not Publish